IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL V. BAMBA,<br><br>      Defendant. | CRIMINAL CASE NO. 15-00024-004<br><br>**REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE** |

Pending before the court is a petition and supporting declaration (together, the "Violation Petition") filed on July 9, 2021, *see* ECF No. 373, alleging that the Defendant violated his supervised release conditions based on his admissions that he used "meth" on four occasions (May 11, 20, 22 and 23, 2021).

On September 21, 2021, the Defendant appeared in court and admitted to all the violations pending against him. *See* Minutes, ECF No. 380. On January 18, 2022, the parties presented their joint recommendation on an appropriate sanction for the violations. *See* Minutes, ECF No. 382. Having heard argument from the parties, the court now issues this Report and Recommendation as to an appropriate disposition for the supervised release violations.

**BACKGROUND**

**A. Conviction and Sentence**

On April 24, 2017, the Defendant was sentenced to 57 months' imprisonment, with credit for time served, followed by three years of supervised release, for the offense of Conspiracy to Distribute Methamphetamine Hydrochloride – a Class C felony. *See* J., ECF No. 222. As a mandatory condition of supervised release, the Defendant was ordered to refrain from any unlawful use of a controlled substance. *Id.* at 3. Among special conditions imposed, the Defendant was

ordered to participate in a substance abuse treatment program, which may include up to eight drug tests a month. *Id.* at 5.

The Defendant began his original term of supervised release on April 11, 2019.

**B.    Post-Conviction Conduct**

On November 13, 2019, the court revoked the Defendant's supervised release term and sentenced him to three months' imprisonment, followed by 33 months of supervised release. *See* Revocation J., ECF No. 326. This sanction was imposed after the Defendant admitted to the use of "meth" on three occasions and failed to report for two drug tests. *Id.*

On March 25, 2021, the Chief Judge revoked the Defendant's supervised release term for a second time. *See* Second Revocation J., ECF No. 353. The Defendant was ordered to serve a split sentence of one day imprisonment, with credit for time served, and 32 months of supervised release, to include six months of home detention with location monitoring,[1] following his admissions to the use of "meth" on nine occasions, testing positive for use of methamphetamine twice, and missing four drug tests.

## CURRENT VIOLATIONS

**A.    Filing of Violation Petition**

On July 9, 2021, the probation officer filed the instant Violation Petition, along with a supporting declaration and a violation worksheet. *See* ECF No. 373. Therein, the probation officer alleged the Defendant repeatedly admitted to the use of "meth" and failed to report as summarized below:

| DATE | ACTION |
|---|---|
| May 12, 2021 | Defendant tested presumptive positive for methamphetamine use during a scheduled drug test. The Defendant signed an admission form that he used "meth" on May 11, 2021. |

---

[1] The Defendant's six-month home detention term was suspended after 15 days because he entered the residential substance abuse treatment program at the Lighthouse Recover Center ("LRC") on May 28, 2021.

| | |
|---|---|
| May 20, 2021 | Defendant submitted to a drug test, which was presumptive positive for the use of methamphetamine. He signed an admission form that he used "meth" that same day. |
| May 24, 2021 | Defendant submitted to a drug test and was presumptive positive for the use of methamphetamine. He signed an admission form that he used "meth" on May 22, 2021. |
| May 26, 2021 | Defendant tested presumptive positive for methamphetamine use during a scheduled drug test. He signed an admission form that he used "meth" on May 23, 2021. |

At the request of the probation officer, the court issued a summons for the Defendant to appear and answer to the alleged violations of his supervised release conditions. *See* Order, ECF No. 375.

**B.     Defendant's Initial Appearance**

On July 20, 2021, the Defendant appeared before the court. *See* Minutes, ECF No. 377. The court appointed the Federal Public Defender to represent the Defendant. *See* Order, ECF No. 378. Ms. Lujan requested a 60-day continuance since the Defendant was in the LRC inpatient program. The court wished the Defendant success in the program and instructed the probation officer to file a report with the court if the Defendant left the program for any reason. Without objection, the matter was continued to September 21, 2021.

**C.     Further Court Hearings**

The parties appeared before the court on September 21, 2021, with the Defendant participating by video conference with his consent. *See* Minutes, ECF No. 380. The probation officer reported that the Defendant should complete the LRC residential program by December 3, 2021, and that he continues to test negative, with no new violations committed. The court congratulated the Defendant on his progress and encouraged him to keep up with his efforts toward recovery. The Defendant then entered his admissions to the pending violations, and defense counsel requested that a hearing to present arguments on disposition be delayed until early January. Without objection, the court continued the matter to January 18, 2022.

On January 18, 2022, the parties appeared before the court, and counsel presented their joint recommendation on an appropriate sanction for the violations. . *See* Minutes, ECF No. 382. The

court ordered that the Defendant continue to remain released pending the final disposition before the Chief Judge. Having reviewed the record herein and considered the parties' joint recommended sanction, the court now issues this Report and Recommendation.

## LEGAL STANDARD

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Revocation is mandatory if a defendant tests positive more than three times over the course of one year. *See* 18 U.S.C. § 3583(g)(4).

## PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED

According to the Violation Worksheet, the allegations are Grade C violations, which carry the potential for 3-9 months of imprisonment under the sentencing guidelines based on the Defendant's criminal history category of I, followed by 23-29 months of supervised release. *See* Third Am. Violation Worksheet at ¶¶7-10 and 13, ECF No. 373-2.

The probation officer reported that the Defendant completed the inpatient program in November and has since transitioned to outpatient services. The probation officer also stated that the Defendant continues to test negative, is currently employed with TOHGE and is working toward obtaining a peer specialist certification. The probation officer further informed the court that the Defendant is currently serving the remainder of his six-month home detention with location monitoring sanction that had been imposed by the Chief Judge as part of his sentence for his second revocation proceeding. In light of the Defendant's compliance and completion of the LRC program, the probation officer recommended a sentence of time served and 31 months of supervised release, with a reimposition of the unserved period of home detention and location monitoring as a condition of supervised release.

Counsel for the United States concurred with the probation officer's recommendation and encouraged the Defendant to keep up the good work.

Defense counsel also supported the recommendation and congratulated the Defendant on his progress. She stated that since the violations noted in May 2021, the Defendant has turned the corner because of his hard work and commitment to sobriety. She clarified that although the Defendant completed the LRC program in November, he did not graduate until December and had no violations throughout the program. Defense counsel stated that since completing the program, the Defendant has been focused on his work and family. Ms. Lujan informed the court that the Defendant has two jobs; he works as a peer specialist with TOGHE on two days of the week and as a general cleaner for AM Insurance. She requested that the home detention and location monitoring requirement be suspended so that the Defendant will have the flexibility to put in more volunteer hours at TOGHE[2] and also attend the various school-related activities of his teenage son.[3]

The Defendant addressed the court and stated that this is the first time he has participated in school events with his son. He explained that under the location monitoring program, he has to seek the approval of the probation officer to attend outings and must provide the information 72 hours in advance, but that is not always feasible. The Defendant stated that he did not want his son's activities to be put on pause because of his actions. The Defendant said that his recovery has been challenging but he's working hard at it.

As stated at the hearing, the court denies the Defendant's request to terminate the home detention and location monitoring requirement at this time. The Defendant must work within the confines of his current restrictions, because too much flexibility at this time could lead to a reversal in course. Part of the learning program is to be disciplined since he is still in recovery. His restrictions will slowly be liberalized, and with the passage of each month, the Defendant will enjoy more freedom. The Defendant has a history of falling back into bad habits, to keeping him on the location monitoring program will help maximize his success at recovery.

This is the Defendant's third revocation proceeding. Relapse is part of the recovery process,

---

[2] Ms. Lujan stated that obtaining a peer specialist certification is a long and arduous process requiring 1,000 hours of volunteering.

[3] The Defendant's older son joined the school track team, and the Defendant wanted flexibility in his schedule to be able to take his son to practices and attend his track meets.

but the court is encouraged that the Defendant sought help immediately to address his addiction. He entered residential treatment and completed the program without any further violations. He remains employed and is working toward obtaining a peer specialist certification with TOGHE. More importantly, the Defendant has invested in his family life and is working on repairing and strengthening his family bonds. Addiction recovery is difficult, and the Defendant will need the continued support of his family if he intends to make it to the finish line. In light of the Defendant's progress and as agreed to by all the parties, the court agrees to recommend a sentence of time served and 31 months of supervised release, with a condition that the Defendant complete the unserved portion of his previous home detention sentence with location monitoring. The recommended sentence is appropriate, provides just punishment and affords adequate deterrence.

## RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the Chief Judge accept the Defendant's admissions to violations, revoke the Defendant's supervised release term, and sentence him to serve a sentence of time served and 32 months of supervised release. The court further recommends that the Chief Judge require that the Defendant finish serving his six months of home detention with location monitoring.[4]

A disposition hearing shall be held on March 17, 2022, at 4:00 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
　U.S. Magistrate Judge
Dated: Jan 28, 2022

### NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**

---

[4] According to the probation officer, as of the January 18th hearing, the Defendant had three months and 14 days remaining.